```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
GINA MANNINO,                                               :
                                                            :
                              Plaintiff,                    :         ORDER
                                                            :
           -against-                                        :   24 Civ. 7241 (NCM) (VMS)
                                                            :
PORT AUTHORITY OF NEW YORK AND                              :
NEW JERSEY and JOHN OR JANE DOE 1-10,                       :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Gina Mannino ("Plaintiff") moves for leave to file an amended complaint to add arresting officer Brandon Busch ("Mr. Busch") as a defendant. See generally ECF Nos. 17-17-1. Defendant Port Authority of New York and New Jersey ("Defendant") opposes the motion. See generally ECF Nos. 18-19. For the reasons set forth below, the motion is granted.

Plaintiff is to file and serve the amended complaint by February 11, 2026. Counsel are encouraged to coordinate service. If Defendant's counsel cannot accept service for Mr. Busch, Defendant's counsel must provide to Plaintiff's counsel Mr. Busch's address for service by February 6, 2026. Defendants are to answer or otherwise respond to the amended complaint by February 25, 2026. If Mr. Busch is not going to be represented by Defendant's counsel, he may request more time to retain counsel and to answer or otherwise respond to the amended complaint. Both Plaintiff's counsel and Defendant's counsel must be prepared to provide Mr. Busch with a complete set of materials produced in discovery once he appears. If Mr. Busch wishes to obtain any additional discovery, he may do so by April 30, 2026, by which date the parties must file a joint letter certifying the close of discovery. Plaintiff may not seek any

1

additional discovery beyond that already permitted and in process. Any dispositive motion practice must be commenced by May 29, 2026, in accordance with the Individual Rules of the District Judge. Such practice must be coordinated with the District Judge, in light of the previously submitted motion. The parties should not anticipate any extensions other than additional time for Mr. Busch to retain counsel, unless there are unforeseeable circumstances that arise.

I.   DISCUSSION

A party's right to amend its pleading is governed by Federal Rules of Civil Procedure 15 and 16, "which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021).[1]

The first standard permits a party to amend its pleading "as of right without court permission." Id. (citation omitted). This standard applies until expiration of either (1) the time period set forth in Federal Rule of Civil Procedure 15(a)(1), which permits a party to amend its pleading "no later than . . . 21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," or (2) the time period otherwise prescribed by a scheduling order for amendment of pleadings as a matter of right. Sacerdote, 9 F.4th at 115.

---

[1] The typical standard on a motion for leave to amend is the appropriate standard to apply when a plaintiff seeks to amend to add a defendant. See Sacerdote, 9 F.4th at 105, 115 (considering, inter alia, whether "the district court erred in denying the motion to amend the complaint to add individual Committee members as defendants" and holding that "[t]he ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought").

2

The second standard, set forth in Federal Rule of Procedure 15(a)(2), permits a party to amend its pleading either (1) on written consent of the opposing party or (2) on motion by the party seeking leave to do so, which the court should grant "freely . . . when justice so requires," and should deny only "upon a showing of undue delay, bad faith, dilatory motive, [or] futility." Sacerdote, 9 F.4th at 115 (citation & quotations omitted). This standard applies up to and including the date set forth in a scheduling order after which no pleading amendments will be permitted. See id.; see also Fed. R. Civ. P. 16(b)(3)(A) (requiring that a scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions").

The third standard permits a party to amend its pleading "only up[on] a showing of the good cause that is required to modify a scheduling order under Rule 16(b)(4)." See Sacerdote, 9 F.4th at 115 (citation omitted); see also Fed. R. Civ. P. 16(b)(4) (instructing that "[a] schedule may be modified only for good cause and with the judge's consent"). Establishing "good cause depends on the diligence of the moving party." Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (citation & quotations omitted). This standard applies upon expiration of the date set forth in a scheduling order after which no pleading amendments will be permitted. See id. (citation omitted); see also Fed. R. Civ. P. 16(b)(3)(A). The third standard applies here, given the deadline for joinder or amendment of the pleadings, see 11/20/2024 Order, and the date of the filing of this motion, see generally ECF Nos. 17-17-1.

Under both the second and third standards, under which leave is required to amend, the four bases upon which a motion for leave to amend may be denied are futility, bad faith, undue delay and undue prejudice to the opposing parties. See Cohen v. Am. Airlines, Inc., 13 F.4th 240, 247 (2d Cir. 2021) (applying the second standard, pursuant to Federal Rule of Civil

Procedure 15(a)(2) (citations omitted)).  The Court discusses futility, bad faith, undue delay and undue prejudice, as well as good cause, each in turn below.

### A. Futility

For the reasons discussed below, the Court concludes that the proposed amendment is not futile.

Concluding that proposed amendments are futile requires "a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To determine whether granting leave to amend would be futile, we consider the proposed amendments and the original complaint." In re Trib. Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021) (citations & quotations omitted).  Courts addressing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566-67 (2d Cir. 2016) (citations omitted).  A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted).  With regard to a motion for leave to amend, the party opposing bears the burden of showing futility.  See Perez v. Escobar Constr., Inc., 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (citation omitted); Travelex Currency Servs., Inc. v. Puente Enters., Inc., 449 F. Supp. 3d 385, 395 (S.D.N.Y. 2020) (citation omitted).

Defendant claims that the proposed amendment is futile (1) because "[b]odycam footage of the incident depict[s] Plaintiff's demeanor . . . [and] attendant circumstances," which "demonstrate there was probable cause for the arrest," or at least "arguable probable cause" for

4

the arrest, "on the basis that Plaintiff was operating a vehicle while intoxicated," and (2) because "the bodycam footage clearly shows Plaintiff's vehicle stopped in a lane of traffic on a highway, which is a violation of New York's Vehicle and Traffic Law" and "is an arrestable offense," thereby "provid[ing] a separate basis for probable cause." ECF No. 19 at 5-6. Defendant's purported futility arguments are not actually futility arguments, given that they are directed to the evidentiary record in this action, rather than to Plaintiff's proposed amended pleading. Defendant therefore failed to meet its burden of showing that the proposed amendment would be futile.

      **B.     Bad Faith**

The party opposing the motion for leave to amend bears the burden of showing bad faith. See Perez, 342 F.R.D. at 380 (citation omitted); Travelex Currency, 449 F. Supp. 3d at 395 (citation omitted). Defendant does not argue that Plaintiff has proposed the amendment in bad faith and therefore did not meet its burden. Accordingly, the Court does not find the proposed amendment to be made in bad faith.

      **C.     Undue Delay**

Plaintiff has delayed, but not unduly delayed, proposing the amendment here.

The Scheduling Order entered pursuant to Federal Rule of Civil Procedure 16(b) set the deadline for joinder of parties and amendment of the pleadings as January 3, 2025. See 11/20/2024 Order. The instant motion was filed almost five months after the deadline. See generally ECF Nos. 17-17-1. Given that Plaintiff's request for leave to amend was filed beyond the deadline to do so as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) and after the Scheduling Order deadline, in accordance with the first standard, and beyond the deadline to do so with written consent of the opposing parties or with leave of court pursuant to Federal Rule

of Civil Procedure 15(a)(2) and the Scheduling Order, in accordance with the second standard, the "good cause" standard applies.

In relation to the timeliness issue, Plaintiff contends that, at the time she filed the action in state court, which was subsequently removed, see generally ECF No. 1, she "was not in possession of the Body Worn Camera footage nor information regarding the identity of the arresting officer, nor information regarding specifics of the underlying arrest[,] which was yielded through discovery." ECF No. 17 at 2. Defendant counters that "Plaintiff failed to offer any indication that she was diligent in amending the complaint," as "[s]he had the identity of the arresting officer well before the scheduling order's deadline for amending the pleadings," given that her initial disclosures, which were "served on November 18, 2024, included bodycam footage of the incident along with the Port Authority Police Department's arrest file identifying Officer Busch as the arresting officer," but she "did not amend the pleadings to add the individual officer or seek to extend the order's deadline." ECF No. 19 at 4.

The Court appreciates Plaintiff's desire to review the body worn camera footage before alleging that Mr. Busch did, in fact, violate her rights. It may have been possible, for example, that the officer who signed the arrest paperwork and the officer who was designated as the "arresting officer" were not the same person. Plaintiff could have more expeditiously conducted the review between November 2024 and the filing of the motion. Nonetheless, the delay is not "undue," and it would not be a prudent use of the Court's or the parties' resources to deny the motion, given that the incident at issue occurred on October 13, 2023, such that the statute of limitations on Plaintiff's claims has yet to expire, and that Plaintiff would be entitled to commence a separate action against Mr. Busch. See ECF No. 17 at 1-2. Mr. Busch has been

6

deposed in this action and is therefore on notice of his potential liability, see id. at 1, so there is no prejudice to him.

The Court finds that the timeliness concerns do not preclude granting Plaintiff leave to file the proposed amendment in this action. Judicial economy would be best served if the claims against Mr. Busch are prosecuted in the same action as the claims against Defendant, rather than in a separate action. If the parties are not joined, the Court could be faced with having a duplicate discovery period, a second set of motions, and possibly a second trial, which would unnecessarily waste judicial and the parties' resources.

### D.     Undue Prejudice

For the reasons discussed below, Defendant has failed to meet its burden to show undue prejudice in relation to the proposed amendment.

The party opposing the motion for leave to amend bears the burden of showing prejudice. See Perez, 342 F.R.D. at 380 (citation omitted); Travelex Currency, 449 F. Supp. 3d at 395 (citation omitted).

Defendant argues that it "already submitted its request for leave to file summary judgment outlining the proposed bases for the motion" and that "[t]hat motion and potentially a resolution of this matter would have to be delayed, and discovery possibly reopened, due entirely to Plaintiff's lack of diligence in amending the pleadings." ECF No. 19 at 4. Plaintiff counters that "there is no prejudice to Defendants if this application is granted," as "[t]he instant relief is sought in order to obviate the need for Plaintiff to file a separate action only as against [Mr.] Busch, and the parties to engage in what would amount to duplicative discovery," thereby "sav[ing] time and resources for the Court" and for counsel. ECF No. 17 at 2.

The Court concurs in Plaintiff's arguments that allowing the proposed amendment would not prejudice Defendant and would advance judicial economy, given the unexpired statute of limitations on Plaintiff's proposed additional claims. There is unlikely to be any significant additional discovery, as the basis for liability against Defendant and Mr. Busch is the same, as are their defenses. To alleviate any concerns as to potential prejudice related to reopening of discovery, the Court will not permit Plaintiff to seek any additional discovery beyond what has been allowed and is in process. As to the motion for summary judgment, a modest delay in expanding that motion as to Mr. Busch, as is likely, does not constitute prejudice.

## II.   CONCLUSION

For the reasons discussed, Plaintiff's motion is granted. Plaintiff is to file and serve the amended complaint by February 11, 2026. Counsel are encouraged to coordinate service. If Defendant's counsel cannot accept service for Mr. Busch, Defendant's counsel must provide to Plaintiff's counsel Mr. Busch's address for service by February 6, 2026. Defendants are to answer or otherwise respond to the amended complaint by February 25, 2026. If Mr. Busch is not going to be represented by Defendant's counsel, he may request more time to retain counsel and to answer or otherwise respond to the amended complaint. Both Plaintiff's counsel and Defendant's counsel must be prepared to provide Mr. Busch with a complete set of materials produced in discovery once he appears. If Mr. Busch wishes to obtain any additional discovery, he may do so by April 30, 2026, by which date the parties must file a joint letter certifying the close of discovery. Plaintiff may not seek any additional discovery beyond that already permitted and in process. Any dispositive motion practice must be commenced by May 29, 2026, in accordance with the Individual Rules of the District Judge. Such practice must be coordinated with the District Judge, in light of the previously submitted motion. The parties

should not anticipate any extensions other than additional time for Mr. Busch to retain counsel, unless there are unforeseeable circumstances that arise.

Dated: Brooklyn, New York
      February 3, 2026

                                    *Vera M. Scanlon*
                                    VERA M. SCANLON
                                United States Magistrate Judge

Case 1:24-cv-07241-NCM-VMS    Document 20    Filed 02/03/26    Page 9 of 9 PageID #: 139